**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SAMAR KAYYAL                          CASE NUMBER     1:17-cv-02718

      Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC
a/k/a ERC and ENHANCED RESOURCE
CENTER

      Defendant,

**DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Complaint filed by Plaintiff, Samar Kayyal ("Plaintiff").

**NATURE OF THE ACTION**

1. Plaintiff's description of the nature of the action under Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq. is a legal conclusion and therefore ERC is not required to respond.

**JURISDICTION AND VENUE**

2. The allegation that this Court has jurisdiction is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC denies Plaintiff has

standing to bring the claims alleged, and therefore, denies that this Court has subject matter jurisdiction over the claims.

3. The allegation that this Court has supplemental jurisdiction over the state law claim is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC denies Plaintiff has standing to bring the claims alleged, and therefore, denies that this Court has supplemental jurisdiction over the state law claim.

4. ERC admits that venue is proper in this District, but denies committing any act or omission giving rise to Plaintiff's claims.

## PARTIES

5. Plaintiff's allegation concerning being a statutorily defined "consumer" is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is an Illinois resident or whether the account at issue was incurred for personal household, or family use, and therefore, denies the allegations.

6. ERC admits that it is a limited liability company organized under the laws of the State of Delaware, and that it transacts business in the state of Illinois. ERC further admits that it is engaged in the business of providing collection services on behalf of its customers and that it uses the mails and telephone to provide such services.

## FACTS SUPPORTING CAUSE OF ACTION

7. ERC is without knowledge or information sufficient to form a belief as to whether the calls Plaintiff received was on her cellular phone, and therefore, denies the allegations that Plaintiff received calls on her cellular phone. ERC admits that it placed calls to a number ending in 4667 in the last several months.

8. ERC is without knowledge or information sufficient to form a belief as to whether Plaintiff was the sole subscriber of a cellular telephone number ending in 4667 or whether Plaintiff has always been financially responsible for this cellular telephone services, and therefore, denies the allegations.

9. ERC denies Plaintiff's claim that Plaintiff had no relationship with or knowledge of Defendant, and therefore, denies the allegations.

10. ERC denies that Plaintiff never provided her cellular telephone number nor consented to receiving Defendant's calls, and therefore, denies the allegations.

11. ERC is without knowledge or information sufficient to form a belief as to whether Plaintiff was asked to provide her name and the last four digits of her social security number, as well as whether Plaintiff demanded that Defendant stop placing calls to her cellular phone, and therefore, denies the allegations.

12. ERC denies that it intentionally harassed and abused Plaintiff by placing calls to Plaintiff frequently.

13. ERC denies that it told Plaintiff that ERC did not know why it called Plaintiff and that Plaintiff's name did not "come up."

14. ERC denies that Plaintiff again demanded that Defendant stop placing calls to her cellular phone.

15. ERC denies that Plaintiff requested it stop placing calls to Plaintiff. ERC admits that it placed an average of five calls her week between December 2016 to March 2017.

16. ERC admits that Plaintiff answered no less than 4 calls from ERC. ERC denies that Plaintiff demanded that it cease placing calls to Plaintiff's cellular phone.

17.     The allegation that ERC's communication was made via an automated telephone system is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC denies that it called Plaintiff on an automated telephone system. As to Plaintiff's claim that she was greeted by "dead air," ERC is without knowledge or information sufficient to form a belief on what Plaintiff heard during the calls that Plaintiff answered, and therefore, denies the allegations.

18.     ERC is without knowledge or information sufficient to form a belief as to what Plaintiff heard on the phone prior to speaking to a live ERC agent, and therefore, denies the allegation.

19.     ERC denies that it failed to disclose itself as a debt collector in the majority of the phone calls that Plaintiff answered.

20.     ERC denies that it harassed Plaintiff over the phone or that it engaged in any phone harassment campaign.

21.     ERC denies that it placed no less than 46 phone calls to Plaintiff's cellular phone between December 2016 to March 2017.

## DAMAGES

22.     ERC denies that it placed harassing phone calls and that it had disrupted Plaintiff's daily life and well-being.

23.     ERC denies that it caused Plaintiff's decrease in work productivity.

24.     ERC denies that it caused Plaintiff any harm as a result of placing phone calls to Plaintiff.

25.     ERC is without knowledge or information sufficient to form a belief as to what phone calls Plaintiff was unable to receive due to Defendant's call, and therefore, denies the allegations.

26. ERC is without knowledge or information sufficient to form a belief as to why Plaintiff sought the assistance of her counsel or how much costs and expenses she incurred, and therefore denies the allegations.

## COUNT I

27. ERC responds to the previous paragraphs of the Complaint as set forth above.

28. Defendant denies that it used an automatic telephone dialing system ("ATDS"), that it called Plaintiff without her prior consent, and that it violated 47 U.S.C. § 227 (b)(1)(A)(iii).

29. The TCPA speaks for itself.

30. ERC denies that it used a predictive dialing system to place calls to Plaintiff's cellular phone.

31. The case law speaks for itself.

32. The case law speaks for itself.

33. ERC denies that it employs a predictive dialing system.

34. ERC denies that it obtained Plaintiff's number through "skip tracing" and that it never had prior consent to place phone calls to Plaintiff's cellular phone.

35. Plaintiff's allegation that Defendant violated the TCPA is a legal conclusion, and therefore ERC is not required to respond. To the extent a response is required, ERC denies that it violated the TCPA. ERC further denies that it placed no less than 46 calls to Plaintiff's cellular phone from December 2016 to March 2017, that it used an ATDS, and that it placed calls without Plaintiff's prior express consent.

36. ERC denies that Plaintiff demanded ERC to cease calls to her cellular phone on no less than 4 separate occasions.

37. ERC denies that it caused any harm to Plaintiff by making calls to Plaintiff.

38. ERC denies that its corporate policy and procedures are structured to continue to call Plaintiff without prior consent. ERC further denies that Plaintiff never consented to receiving phone calls and that Plaintiff did not provide her cellular phone number to any defendant.

39. ERC denies that it has no system in place to document consumers' prior consents to receive calls.

40. Plaintiff's allegation that Defendant violated the TCPA is a legal conclusion, and therefore ERC is not required to respond. To the extent a response is required, ERC denies that it violated the TCPA.

41. Plaintiff's allegation that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) is a legal conclusion, and therefore ERC is not required to respond. To the extent a response is required, ERC denies that it violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. Plaintiff's allegation that Defendant is liable under 47 U.S.C. § 227(b)(3)(B) is a legal conclusion, and therefore ERC is not required to respond. To the extent a response is required, ERC denies that it is liable under 47 U.S.C. § 227(b)(3)(B). ERC further states that Plaintiff's allegation that Defendant violated the TCPA is a legal conclusion, and therefore ERC is not required to respond. To the extent a response is required, ERC denies that it violated the TCPA, that treble damages are warranted, and that any other award or relief is warranted.

**COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

43. ERC responds to the previous paragraphs of the Complaint as set forth above.

44. Plaintiff's allegation concerning being a statutorily defined "consumer" is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is

6

an Illinois resident or whether the account at issue was incurred for personal household, or family use, and therefore, denies the allegations.

45. Plaintiff's allegation concerning being a statutorily defined "consumer debt" is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

46. Plaintiff's allegation concerning being a statutorily defined "consumer collector" is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC admits that it is engaged in the business of providing collection services on behalf of its customers.

47. ERC admits that its telephone communications to Plaintiff were made in connection with a collection of a debt. ERC further states that it is without sufficient knowledge or information to form a belief as to whether the debt is a consumer debt or a non-consumer debt as defined under FDCPA.

48. Plaintiff's allegation concerning being a statutorily defined "communications" is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC admits that it is engaged in the business of providing collection services on behalf of its customers and that it uses a telephone to provide such services.

49. ERC denies that it violated 15 U.S.C. §§ 1692d, d(5), e(2), e(11), and f.

### a. Violations of FDCPA § 1692d

50. ERC denies that it violated § 1692d. ERC further denies that it placed calls after Plaintiff demanded that Defendant cease calling no less than 4 separate occasions.

51. ERC denies that it violated § 1692d(5). ERC further denies that it placed no less than 46 calls to Plaintiff's cellular phone from December 2016 to March 2017. Plaintiff further denies that it used an ATDS and that it called Plaintiff without her prior consent.

### b. Violations of FDCPA § 1692e

52. ERC denies that it violated § 1692e(2). ERC further denies that the debt was never owed and that Plaintiff did not have a legal obligation to pay the debt.

53. ERC denies that it violated § 1692e(11).

### c. Violations of FDCPA § 1692f

54. ERC denies that it violated § 1692f.

55. ERC denies that it collects debts through harassing conduct and that it had no procedure in place to assure compliance with the FDCPA.

56. ERC denies that Plaintiff was harmed by any of ERC's conduct. ERC further denies that it engaged in any unlawful practice and that it violated any aforementioned statute. ERC further denies that Plaintiff is entitled to any award for damages, that Plaintiff is entitled to costs and reasonable attorney's fees, and that Plaintiff is entitled to any other relief.

### COUNT III

57. ERC responds to the previous paragraphs of the Complaint as set forth above.

58. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") speaks for itself.

59. Plaintiff's allegation concerning being a statutorily defined "person" and a "consumer" is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC is without knowledge or information sufficient to form a belief as to the

truth of whether Plaintiff is an Illinois resident or whether the account at issue was incurred for personal household, or family use, and therefore, denies the allegations.

60. Plaintiff's allegation concerning Defendant's calls being statutorily defined as "trade" and "commerce" is a legal conclusion, and therefore, ERC is not required to respond. To the extent a response is required, ERC admits that its calls are trade and commerce.

61. ERC admits that it transacts business in the state of Illinois. ERC further admits that it is engaged in the business of providing collection services on behalf of its customers.

62. ERC denies that it violated 815 ILCS 505/2. ERC further denies that it used an ATDS and that it did not have Plaintiff's consent. ERC further denies that Plaintiff notified Defendant on numerous occasions to stop calling her. ERC further denies that its calls harassed Plaintiff.

### a. Unfair and Deception

63. ERC denies it engaged in unfair and deceptive conduct in seeking to collect debt from Plaintiff.

64. ERC denies it engaged in unfair and deceptive conduct and that it called Plaintiff no less than 46 times from December 2016 to March 2017. ERC further denies that it used an ATDS and that it did not have Plaintiff's prior consent.

65. ERC denies that it engaged in unfair and deceptive conduct and that Plaintiff demanded Defendant to stop calling on no less than 4 separate occasions.

66. ERC denies that it engaged in unfair and deceptive conduct and that it failed to disclose its identity as a debt collector.

67. ERC denies that it engaged in unfair and deceptive conduct.

68. ERC denies that it engaged in unfair and deceptive conduct.

9

69. Plaintiff's allegation that Defendant acted in an unfair manner against public policy is a legal conclusion, and therefore ERC is not required to respond. To the extent a response is required, ERC denies that it violated any public policy. ERC further denies that it caused Plaintiff any harm.

70. ERC admits that it is engaged in the business of providing collection services on behalf of its customers and that it uses the mails and telephone to provide such services.

71. ERC denies that it engaged in any unfair business practice by placing harassing phone calls.

72. ERC denies that it engaged in any unfair business practice by unlawfully and unfairly collecting debt and taking advantage over businesses that collects debt lawfully.

73. ERC denies that it caused Plaintiff any harm and that it committed any misconduct.

74. ERC denies that punitive damages are appropriate and that Plaintiff is entitled to any judgment. Damages, or relief.

## GENERAL DENIAL

75. ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has not alleged that he suffered a cognizable injury-in-fact, specifically, Plaintiff has not alleged that he suffered a denial of credit or paid increased financing charges as a result for ERC's actions.

### Second Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has not suffered an injury-in-fact, and therefore, lacks standing to assert the claims in the Complaint.

**Third Affirmative Defense**

Plaintiff's claims against Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. must be dismissed because any alleged violation was the result of a bona fide error notwithstanding the maintenance of procedures to prevent such errors.

**CLAIM FOR ATTORNEY'S FEES**

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment, and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(3).

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

DATED: May 4, 2017                              LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
One of the Attorneys for Defendant

Johner T. Wilson III, Attorney No. 6278797
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T: 312-345-1718
Email: Johner.Wilson@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Johner T. Wilson III