# Exhibit B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMAR KAYYAL<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC a/k/a ERC and ENHANCED RESOURCE CENTER<br><br>Defendants. | CASE NUMBER 1:17-cv-02718 |

## DEFENDANT'S RESPONSE TO INTERROGATORIES, SET ONE

Defendant Enhanced Recovery Company, LLC (hereinafter "Defendant" or "Responding Party" or "ERC") hereby submits the following responses to the Interrogatories, Set One, of Plaintiff Samar Kayyal (hereinafter "Plaintiff" or "Propounding Party"), as follows:

## INTRODUCTION

It should be noted that Defendant has not fully completed its investigation of the facts relating to the case, has not fully completed its discovery in this action, and has not completed its preparation for trial. All of the answers contained herein are based only upon such information and documents that are presently available to and specifically known to Defendant and disclose only those contentions that presently occur to Defendant. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions herein set forth. The following responses are given without prejudice to Defendant's right to produce evidence of any subsequently discovered fact or facts that Defendant may later develop. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known, but should in no way be to the prejudice of Defendant in relation to further discovery, research or analysis.

1. State the name, address and title of each and every party or individual providing any information or documents with respect to the answers to these Interrogatories, Requests to Produce, and Requests to Admit.

**RESPONSE:**
Shelly Gensmer, Senior Director of Legal for ERC – 20037 County Rd 33, Fairhope, Alabama, 36532.

Rocky Landoll, Director of Legal for ERC – 4489 Comanche Trail Blvd. St. Johns, FL 32259.

2. Please identify by name, case number, and jurisdiction, any and all cases where Defendant has been found to have violated the Fair Debt Collection Practices Act ("FDCPA") or the Telephone Consumer Protection Act ("TCPA") or where Defendant settled an FDCPA or TCPA violation by way of payment of any United States currency. This question relates to any such actions taken within five (5) years of the date of the filing of the underlying lawsuit.

**RESPONSE:**
Objection. The interrogatory is overly broad, unduly burdensome, and harassing. The interrogatory calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses.

3. Please list the time and date of all outgoing calls placed by You to Plaintiff's cellular phone number during the relevant time period. Please list the name, address, and title of each employee who spoke with Plaintiff over the phone and the date each employee spoke to Plaintiff over the phone.

**RESPONSE:**
Objection. The interrogatory is overly broad, unduly burdensome, and harassing. The interrogatory calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: Defendant will produce redacted account notes for a third party that Defendant was attempting to reach when it called telephone number ending 4667.

4. List all phone numbers used by You to place a telephone call to Plaintiff's cellular phone number during the relevant time period.

**RESPONSE:**
(800) 875-5164 and (312) 470-6642

5. Please list all written correspondences, including email, sent by You to the Plaintiff during the relevant time period. For each written communication, please provide the date it was sent and the subject of the written correspondence.

**RESPONSE:**
Defendant did not send any correspondence to Plaintiff.

6. Describe any training programs that You require Your employees to participate in with regard to compliance with the requirements of the FDCPA and TCPA.

**RESPONSE:**
Objection. The interrogatory is overly broad, unduly burdensome, harassing, and it calls for confidential and proprietary information. The interrogatory calls for information which is not

relevant and not reasonably calculated to the lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. Subject to and without waiving said objections, Defendant responds as follows: Defendant trains its collectors on the requirements of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. and state debt collection laws and the Telephone Consumer Protection Act, 47 U.S.C. Section 227. Each collector undergoes rigorous training and testing before he or she is permitted to collect a debt. The collectors are regularly monitored to ensure compliance with federal and state laws, including debt collection laws. Each collector is provided with a training manual that includes, but is not limited to, policies and procedures and debt collection laws.

7. State the name, title or position, address and telephone number of each and every witness that You plan to call to testify at trial in this case and state the substance of the testimony expected from each such witness.

**RESPONSE:**
Plaintiff Samar Kayyal ("Plaintiff"). Plaintiff can be contacted through her counsel of record. Plaintiff is expected to testify about the factual basis for the allegations in her Complaint, her contacts with ERC, Plaintiff's representation by counsel at all times material hereto, Plaintiff's alleged damages, and matters pertaining to ERC's defenses.

Shelly Gensmer, Senior Director of Legal for ERC. Mr. Gensmer can be contacted through ERC's counsel for record. Ms. Gensmer is expected to testify about ERC's business practices in providing collection services to its customers, ERC's communications and collection efforts with respect to a third party who was associated with telephone number ending 4667, ERC's business records regarding the collection efforts at issue, and all other matters pertaining to the Complaint and ERC's defenses thereto.

Representative at LiveVox, Inc., 655 Montgomery Street, Suite 1000, San Francisco, CA 94111. The representative is expected to testify about the telephone system ERC used in placing calls to telephone number ending 2177.

Jason Davis, Senior Vice President of Compliance for ERC. Mr. Davis be contacted through ERC's counsel for record. Mr. Davis is expected to testify about the telephone system ERC used in placing calls to telephone number ending 2177.

8. State each and every contention that You will present at trial in this matter as to why there is no violation of the statutes Plaintiff alleges were violated by Defendant in his Complaint.

**RESPONSE:**
Objection. The interrogatory is premature and investigation and discovery are continuing. Subject to and without waiving said objections, Defendant respond as follows: All of the calls placed by Defendant to Plaintiff's telephone number ending 4667 were made with human intervention and not through the use of an ATDS or prerecorded or automated voice. Defendant's calls to telephone number ending 4667 were made in an effort to reach the third party to discuss a debt, and not for any other purpose. On March 7, 2017, Defendant received an incoming call from telephone number ending 4667 and spoke with an unidentified female who asked Defendant to "take me off the phone

list." Defendant promptly took telephone number ending 4667 off of its records and ceased making any telephone calls to that number after March 7, 2017.

Defendant reserves the right to supplement this response.

9. If Defendant contends that the FDCPA and TCPA do not apply to Defendant, or that the calls, or other acts alleged in the Complaint are not covered or regulated by the FDCPA and TCPA, describe fully all such contention(s) and the facts on which Defendant bases such contention(s), and state the source of this information.

**RESPONSE:**
The TCPA does not apply to the calls placed by Defendant to Plaintiff's telephone number ending 4667 because all of the calls were made with human intervention and not through the use of an ATDS or prerecorded or automated voice.

Defendant reserves the right to supplement this response.

10. Identify any third party that placed phone calls to Plaintiff's cellular phone number on Your behalf in the relevant time period.

**RESPONSE:**
A third party did not make calls to telephone number ending 4667 on behalf of Defendant.

11. Identify the date, time, and content of all voicemails You left in any phone calls to Plaintiff's cellular phone during the relevant time period.

**RESPONSE:**
Defendant did not leave a voice message for Plaintiff when Defendant called telephone number ending 4667.

12. Identify all emails, collection records, data records, statements, telephone recordings, oral communications, or any other form of data related to the calls You placed to Plaintiff's cellular phone number during the relevant time period.

**RESPONSE:**
Objection. The interrogatory is vague, ambiguous, overly broad, and harassing. The interrogatory calls for information which may by protected by the attorney client and/or work product privileges. Subject to and without waiving said objections, Defendant responds as follows: Defendant's account notes related to a third party, documents pertaining to calls to telephone number ending 4667 and three (3) audio recordings of calls to telephone number ending 4667.

13. Identify the year, make, and model of the technology or system employed by Defendant to store the phone numbers of persons indebted to Defendant for the purpose of collecting on or servicing the indebtedness.

**RESPONSE:**
Objection. The interrogatory is overly broad and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defense. Subject to and without waiving said objections, Defendant respond as follows: The telephone system Defendant used to place calls to telephone number ending 4667 is LiveVox HCI.

14. Identify the year, make, and model of the technology or system employed by Defendant to assist or enable Defendant to make each phone call to the Plaintiff's cellular phone number during the relevant time period. If there was more than one model of the technology or system employed by Defendant during the aforementioned time period, please state the dates that Defendant started using the said model and ceased using such model.

**RESPONSE:**
LiveVoxHCI

15. For the systems or technologies identified in Interrogatories 13 and 14, please state whether the system or technology has the capacity to dial phone numbers stored in its system as to result in outgoing phone calls to a land line or cellular phone.

**RESPONSE:**
Objection. The interrogatory is overly broad and calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims or Defendant's defense. Subject to and without waiving said objections, Defendant respond as follows: The telephone system Defendant used to place calls to telephone number ending 4667 is LiveVox HCI. The telephone system used to place calls to telephone number ending 4667 does not have the capacity to dial phone numbers stored in its system as to result in outgoing phone calls to a land line or cellular phone.

16. State whether Defendant has ever employed an ATDS to place phone calls to Plaintiff's cellular phone number during the relevant time period. If not, please state why the system employed to make the phone calls to Plaintiff is not an ATDS.

**RESPONSE:**
All of the calls placed by Defendant to Plaintiff's telephone number ending 4667 were made with human intervention and not through the use of an ATDS or prerecorded or automated voice.

17. State how and when You obtained Plaintiff's cellular phone number.

**RESPONSE:**
Defendant obtained the number through a scrub that it conducted when the account was placed with it.

18. State the reason for each phone call You placed to Plaintiff's cellular phone number during the relevant time period.

**RESPONSE:**
Defendant contacted telephone number ending 4667 for the purposes of debt collection.

19. State how and when Plaintiff provided You with consent to be called on Plaintiff's cellular phone number.

**RESPONSE:**
Defendant obtained the number through a scrub that it conducted when the account was placed with it.

20. List all Documents mentioned, used, or consulted to answer any Interrogatory, and indicate for which Interrogatory each document applies, and indicate for each document the title, date created, number of pages, and location of the original.

**RESPONSE:**
Objection. The interrogatory is, overly broad, unduly burdensome, harassing and calls for confidential and proprietary information. The interrogatory calls for information which may be protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving said objections, Defendant responds as follows:
Defendant's documents related to telephone number ending 4667, including account notes for a third party and documents pertaining to Defendant's telephone system, LiveVox HCI.

21. Identify each person with any knowledge of or who may be a witness to any facts or circumstances of the allegations of the Complaint or any defenses to this action.

**RESPONSE:**
Plaintiff; Shelly Gensmer of ERC, Jason Davis of ERC and Representative for LiveVox, Inc.

22. Please state whether Defendant has disciplined or taken any adverse action against any employee who placed phone calls to Plaintiff. Please describe what action was taken and the date such action was taken.

**RESPONSE:**
Defendant has not disciplined or taken any adverse action against any employee who placed phone calls to telephone number ending 4667.

23. State all facts that support Your contention that You did not violate the FDCPA.

**RESPONSE:**
Defendant's calls to telephone number ending 4667 were made in an effort to reach a debtor to discuss an outstanding debt, and not for any other purpose. On March 7, 2017, an unidentified female asked Defendant to "take me off the phone list." Defendant promptly took telephone number ending 4667 off of its records and ceased making any telephone calls to that number after March 7, 2017.

24. State all facts that support Your contention that You did not violate the TCPA.

**RESPONSE:**
All of the calls placed by Defendant to Plaintiff's telephone number ending 4667 were made with human intervention and not through the use of an ATDS or prerecorded or automated voice.

25. Identify all dates in which Your records and/or call recordings reflect that Plaintiff requested that You cease calls to Plaintiff's cellular phone number.

**RESPONSE:**
On March 7, 2017, an unidentified female asked Defendant to "take me off the phone list." Defendant promptly took telephone number ending 4667 off of its records and ceased making any telephone calls to that number after March 7, 2017.

26. Identify the name of the individual You were seeking to contact when you called Plaintiff's cellular phone.

**RESPONSE:**
Objection. The interrogatory calls for confidential and private information pertaining to a third party.

27. Identify any class action lawsuits pending within the last four years against Defendant.

**RESPONSE:**
Objection. The interrogatory is overly broad, unduly burdensome, harassing and calls for information which is not relevant and reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. The interrogatory also calls for information which is equally available to Plaintiff.

28. Identify the total number of calls You placed to Plaintiff's cellular phone.

**RESPONSE:**
Objection. The interrogatory calls for confidential and private information pertaining to a third party. Subject to and without waiving said objections, Defendant responds as follows: Defendant called telephone number ending 4667 forty (40) time.

29. Identify all individuals (names and positions) responsible for access to information systems on the network (e.g., accounting systems, operations systems, human resources databases.)

**RESPONSE:**
Objection. The interrogatory calls for information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's claims and Defendant's defenses. The interrogatory is also vague, ambiguous, overly broad and unduly burdensome and harassing.

30. Identify "Kelsey McDonald" and the position of "Kelsey McDonald."

**RESPONSE:**
Collection Agent.

DATED: August 16, 2017

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Stephen H. Turner (Admitted Pro Hac Vice)
Larissa G. Nefulda (Admitted Pro Hac Vice)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
T: 213-250-1800
Email: Stephen.Turner@lewisbrisbois.com
Larissa.Nefulda@lewisbrisbois.com
Attorneys for Defendant

Johner T. Wilson III, Attorney No. 6278797
LEWIS BRISBOIS BISGAARD & SMITH, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T: 312-345-1718
Email: Johner.Wilson@lewisbrisbois.com
Attorneys for Defendant

# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** _____

     I have read the foregoing **RESPONSES TO INTERROGATORIES, SET ONE**, and know its contents.

☐     I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒     I am _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

    ☒     I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

    ☐     The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐     I am one of the attorneys for _____, a party to this action. Such party is absent from the county where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

     I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

     Executed on August___, 2017, at Jacksonville, Florida.

 

_Michelle Gensmer_                                  _/s/ Michelle Gensmer_
Print Name of Signatory                                 Signature

# FEDERAL COURT PROOF OF SERVICE
Samar Kayyal v. Enhanced Recovery Company, LLC - Case No. 1:17-cv-02718

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 16, 2017, I served the following document(s): **DEFENDANT'S RESPONSES TO INTERROGATORIES, SET ONE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Omar T. Sulaiman, Esq.<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave., Suite 200<br>Lombard, IL 60148<br>(630) 575-8181 Tel.<br>(630) 575-8188 Fax | *Counsel for Plaintiff* |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 16, 2017, at Los Angeles, California.

_____
Erika Gomez