# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SAMAR KAYYAL, | |
| Plaintiff, | |
| v. | Case No: 1:17-cv-02718 |
| ENHANCED RECOVERY COMPANY, LLC a/k/a ERC and ENHANCED RESOURCE CENTER, | Honorable John J. Tharp, Jr. |
| Defendant. | |

## **JURY INSTRUCTIONS**

**<u>Jury Instruction No. 1</u>**

**<u>(Agreed)</u>**

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case, whether the party is an individual, a partnership, or a corporation, is entitled to the same fair consideration. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## **Jury Instruction No. 2**

### **(Agreed)**

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence, and stipulations. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

## Jury Instruction No. 3

### (Agreed)

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**<u>Jury Instruction No. 4</u>**

**<u>(Agreed)</u>**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## **Jury Instruction No. 5**

### **(Agreed)**

If after considering all of the evidence you are satisfied that the Plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the Plaintiff on her claims.

On the other hand, if after considering all of the evidence you conclude Plaintiff has failed to carry her burden of proof on a single essential point as to which she has the burden of proof , then you must find for ERC.

## Jury Instruction No. 6

### (Agreed)

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

## **Jury Instruction No. 7**

### **(Agreed)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

## Jury Instruction No. 8

### (Agreed)

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

## **Jury Instruction No. 9**

### **(Agreed)**

This is a civil case and as such the Plaintiff has the burden of proving her claims by a preponderance of the evidence.

## Jury Instruction No. 10

### (Agreed)

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## **Jury Instruction No. 11**

### **(Agreed)**

If after considering all of the evidence you are satisfied that Ms. Kayyal has carried her burden on each essential point as to which she has the burden of proof, then you must find for Ms. Kayyal on her claims.

On the other hand, if after considering all of the evidence you conclude Ms. Kayyal has failed to carry her burden of proof on a single essential point as to which she has the burden of proof, then you must find for ERC.

**Jury Instruction No. 12**

**(Agreed)**

As you know, the plaintiff in this case is Samar Kayyal. The defendant in this case is Enhanced Recovery Center, LLC. I will refer to the defendant as ERC.

Ms. Kayyal claims that ERC violated the Fair Debt Collection Practices Act, a federal law that governs the collection of consumer debt. The Fair Debt Collection Practices Act is commonly referred to as the "FDCPA." If you hear the attorneys mention the "FDCPA", they are referring to the Fair Debt Collection Practices Act.

## Jury Instruction No. 13

### (Disputed)

**Ms. Kayyal's Proposed Instruction:**

Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788, at *3 (N.D. Ill. 1999) *citing* 15 U.S.C. §1692(a). The FDCPA is a consumer protection statute designed to "eliminate abusive debt collection practices by debt collectors." *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 639 (7th Cir. 2014).

The FDCPA protects any person mistreated by a debt collector, including wrongly dunned individuals. *Todd v. Collecto, Inc*. 731 F.3d 734, 737 (7th Cir. 2013) (finding that the FDCPA protects wrongly dunned individuals and specifically stressing that §1692d is a protection for any person mistreated by a debt collector). Accordingly, Ms. Kayyal does not have to prove that ERC actually tried to collect the debt from her.

The FDCPA is a strict liability statute; a debt collector need not be deliberate, reckless, or even negligent to trigger liability. *Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 646 (7th Cir. 2009). In other words, Ms. Kayyal does not have to prove that ERC's actions were deliberate, reckless, or even negligent for you to find ERC liable under the Fair Debt Collection Practices Act.

15

## Jury Instruction No. 13

### (Disputed)

**ERC's Proposed Instruction:**

The FDCPA is a strict liability statute; a debt collector need not be deliberate, reckless, or even negligent to trigger liability. *Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 646 (7th Cir. 2009). In other words, Ms. Kayyal does not have to prove that ERC's actions were deliberate, reckless, or even negligent for you to find ERC liable under the FDCPA.

## Jury Instruction No. 14

### (Disputed)

**Ms. Kayya'ls Proposed Instruction:**

Ms. Kayyal contends that ERC violated numerous provisions of the Fair Debt Collection Practices Act by placing collection calls to her cellular phone in an attempt to collect a debt that was owed by a third party that has no relationship with Ms. Kayyal.

## <u>Jury Instruction No. 14</u>

### <u>(Disputed)</u>

**<u>ERC's Proposed Instruction:</u>**

Plaintiff contends that ERC violated numerous provisions of the FDCPA by placing collection calls to her cellular phone in an attempt to collect a debt that was owed by a third party that has no relationship with Ms. Kayyal.

ERC disputes Plaintiff's contention and contends it did not violate a single provision of the FDCPA. ERC further contends that, immediately after being informed by Plaintiff for the first and only time that it was calling the wrong person and Plaintiff directed ERC to cease calling her, ERC stopped calling Plaintiff and removed her phone number from ERC's phone system.

## Jury Instruction No. 15

## (Disputed)

**Ms. Kayyal's Proposed Instruction:**

Ms. Kayyal alleges that ERC violated Section 1692d of the FDCPA, which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt. 15 U.S.C. §1692d.

In order to find that ERC violated Section 1692d, you must determine that Ms. Kayyal proved by a preponderance of the evidence that the natural consequence of ERC's phone calls was to harass, oppress, or abuse. In deciding whether the natural consequence was to harass, oppress, or abuse, you should not focus on ERC's intent but on the practical effect on the person on the receiving end of ERC's calls. *Id.*

## Jury Instruction No. 15

## (Disputed)

**ERC's Proposed Instruction:**

Ms. Kayyal alleges that ERC violated Section 1692d of the FDCPA, which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt. 15 U.S.C. §1692d.

In order to find that ERC violated Section 1692d, you must determine that Ms. Kayyal proved by a preponderance of the evidence that the natural consequence of ERC's phone calls was to harass, oppress, or abuse. In deciding whether the natural consequence was to harass, oppress, or abuse, you should not focus on ERC's intent but on the practical effect on the person on the receiving end of ERC's calls. *Id.* If you find that immediately after being informed by Plaintiff that ERC was calling the wrong number ERC ceased calling Plaintiff you must rule in favor of ERC.

## Jury Instruction No. 16

### (Disputed)

**Ms. Kayyal's Proposed Instruction:**

Ms. Kayyal alleges that ERC violated Section 1692d(5) of the Fair Debt Collection Practices Act. Section 1692d(5) prohibits a debt collector from causing a telephone to ring or engaging a person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. §1692d(5)

In order to find that ERC violated Section 1692d(5), you must determine that Ms. Kayyal proved by a preponderance of the evidence that ERC caused Ms. Kayyal's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. In determining whether ERC intended to annoy, abuse, or harass, you may consider (1) whether Ms. Kayyal asked ERC to stop calling and (2) the volume and pattern of the calls. [Dkt. 75, pg. 8].

## <u>Jury Instruction No. 16</u>

### <u>(Disputed)</u>

**ERC's Proposed Instruction:**

Ms. Kayyal alleges that ERC violated Section 1692d(5) of the Fair Debt Collection Practices Act. Section 1692d(5) prohibits a debt collector from causing a telephone to ring or engaging a person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. §1692d(5)

In order to find that ERC violated Section 1692d(5), you must determine that Ms. Kayyal proved by a preponderance of the evidence that ERC caused Ms. Kayyal's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass. In determining whether ERC intended to annoy, abuse, or harass, you may consider (1) whether Ms. Kayyal asked ERC to stop calling and (2) the volume and pattern of the calls. [Dkt. 75, pg. 8].

If you determine by a preponderance of the evidence that (1) ERC immediately stopped calling Ms. Kayyal after Ms. Kayyal advised ERC that it was calling the wrong number or (2) the volume and pattern of ERC's calls to Plaintiff was not indicative of an intent by ERC to harass Plaintiff, you must find that ERC did not violate the Fair Debt Collection Practices Act. (*Hendricks v. CBE Group, Inc.,* 891 F.Supp.2d 892, 896.)

**<u>Jury Instruction No. 17</u>**

**<u>(Disputed)</u>**

**<u>Ms. Kayyal's Proposed Instruction:</u>**

Ms. Kayyal alleges that ERC violated Section 1692e(2)(A) of the FDCPA. Section 1692e(2)(A) prohibits a debt collector from making a false representation regarding the character, amount, or legal status of any debt. There is no requirement to show an affirmative misrepresentation to find a violation of Section 1692e(2) of the FDCPA. [Dkt. 75, pg. 8]. Section 1692e of the FDCPA applies to conduct that is misleading or deceptive for any reason. *Id.*

Ms. Kayyal alleges that ERC violated Section 1692e(2) by engaging in conduct that would lead an unsophisticated consumer to believe he/she owes the debt that ERC was attempting to collect. It is undisputed that Ms. Kayyal was not misled or deceived by ERC's calls. [*Id.* at pg. 9, fn. 30.] I have already ruled that Ms. Kayyal's subjective understanding is irrelevant.[*Id.*] The applicable standard is not subjective—whether Ms. Kayyal actually believed that ERC was asserting a debt was owed—but objective: whether an unsophisticated consumer would be misled or deceived into thinking that she owed a debt.[*Id.*]

An unsophisticated consumer is one that is "uninformed, naïve, or trusting," but possesses "rudimentary knowledge about the financial world," and "possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). " According to the unsophisticated consumer standard, a statement or representation is misleading if a "significant fraction of the population would be misled" by the statement or representation. *Pettit, supra,* 211 F.3d at 1060.

In order to find that ERC violated Section 1692e(2)(A), you must determine that a significant fraction of the population would have been led to believe that they owed a debt after receiving ERC's collection calls. *Id.*

## Jury Instruction No. 17

## (Disputed)

**ERC's Proposed Instruction:**

Ms. Kayyal alleges that ERC violated Section 1692e(2)(A) of the Fair Debt Collection Practices Act. Section 1692e(2)(A) prohibits a debt collector from making a false representation regarding the character, amount, or legal status of any debt. There is no requirement to show an affirmative misrepresentation to find a violation of Section 1692e of the FDCPA. [Dkt. 75, pg. 8]. Section 1692e applies to conduct that is misleading or deceptive for any reason. *Id.*

Ms. Kayyal alleges that ERC violated Section 1692e by (1) falsely representing that she owes the debt that ERC was attempting to collect and (2) misleading Ms. Kayyal into believing she owes the debt that ERC was attempting to collect.

It is undisputed that Ms. Kayyal was not misled or deceived by ERC's calls. [*Id.* at pg. 9, fn. 30.] I have already ruled that Ms. Kayyal's subjective understanding is irrelevant.[*Id.*] The applicable standard is not subjective—whether Ms. Kayyal actually believed that ERC was asserting a debt was owed—but objective: whether an unsophisticated consumer would be misled or deceived into thinking that she owed a debt.[*Id.*]

An unsophisticated consumer is one that is "uninformed, naïve, or trusting," but possesses "rudimentary knowledge about the financial world," and "possesses "reasonable intelligence," and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc*., 211 F.3d 1057, 1060 (7th Cir. 2000)). " According to the unsophisticated consumer standard, a statement or representation is misleading if a "significant fraction of the population would be misled" by the statement or representation. *Pettit, supra,* 211 F.3d at 1060.

25

In order to find that ERC violated Section 1692e(2)(A), you must determine that a significant fraction of the population would have been led to believe that they owed a debt after receiving ERC's collection calls. *Id.*

If you determine by a preponderance of the evidence that (1) ERC immediately stopped calling Ms. Kayyal after Ms. Kayyal advised ERC that it was calling the wrong number or (2) the volume and pattern of ERC's calls to Plaintiff was not indicative of an intent by ERC to harass Plaintiff, you must find that ERC did not violate the Fair Debt Collection Practices Act. (*Hendricks v. CBE Group, Inc.,* 891 F.Supp.2d 892, 896.)

## PROPOSED JURY INSTRUCTION NO. 18

## BONA FIDE ERROR DEFENSE

### (Disputed)

**Ms. Kayyal's Proposed Instruction:**

ERC asserts the affirmative defense of "bona fide error." The bona fide error defense is a statutory defense specifically included in the FDCPA. The statute provides that ERC may not be held liable for any violation of the FDCPA if ERC shows, by a preponderance of the evidence, that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. 15 U.S.C. §1692k(c).

If you find that ERC's conduct constituted a violation of the FDCPA, you should then determine whether the bona fide error defense applies. To prevail on the bona fide error defense with respect to any FDCPA violation that you have found in favor of Plaintiff, ERC must prove:

      1.      That it did not intentionally violate the FDCPA;

      2.      That its error was bona fide (that is, a genuine mistake); and

      3.      That the error resulted despite the maintenance of procedures designed to avoid the specific error which occurred. *Id.*

To show that a violation of the Act was "unintentional," ERC must show by a preponderance of the evidence that it lacked the intent to violate the Act. Under this prong, ERC need only show that a violation of the Act was unintentional. *Id.*

In order to prove that a violation of the Act was the result of a bona fide error, ERC must show by a preponderance of the evidence that the error was a mistake, such as a clerical

or factual mistake. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.,* 559 U.S. 587 (2010).

In order to show that ERC maintained procedures reasonably adapted to avoid the specific error which occurred, ERC must show by a preponderance of the evidence that:

(1)     Prior to the violation of the Act, it had employed or implemented procedures to avoid the error it made; and

(2)     The procedures implemented were reasonably adapted to avoid the error at issue.

In order to find that ERC had procedures reasonably adapted to avoid the error it made, you must find that that ERC had "processes that have mechanical or other such 'regular orderly' steps to avoid its error or mistake. *Abdollahzadeh v. Mandarich Law Group, LLP,* 922 F.3d 810, 818 (7th Cir. 2019). "A thinly specified 'policy,' allegedly barring some action but saying nothing about what action to take, does not qualify." *Id.*

The Act does not require that ERC take every conceivable precaution to avoid the error at issue, and ERC is only required to show that the precautions taken were reasonable. *Kort v. Diversified Collection Servs.,* 394 F.3d 530, 539 (7th Cir. 2005). However, procedures implemented after the error at issue to prevent the error from occurring again do not qualify. Additionally, if a procedure is required by the Act, it does not qualify as a defense.

Accordingly, if you find that ERC has proven all three elements by a preponderance of the evidence, you must find in favor of ERC on that claim. On the other hand, if you find that ERC failed to prove all three elements by a preponderance of the evidence, you must find in favor of Plaintiff.

28

**PROPOSED JURY INSTRUCTION NO. 18**

**BONA FIDE ERROR DEFENSE**

**(Disputed)**

**ERC's Proposed Instruction:**

ERC asserts the affirmative defense of "bona fide error." The bona fide error defense is a statutory defense specifically included in the FDCPA. The statute provides that ERC may not be held liable for any violation of the FDCPA if ERC shows, by a preponderance of the evidence, that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

If you find that ERC's conduct constituted a violation of the FDCPA, you should then determine whether the bona fide error defense applies. To prevail on the bona fide error defense with respect to any FDCPA violation that you have found in favor of Plaintiff, ERC must prove:

      1.     That it did not intentionally violate the FDCPA with respect to the Plaintiff;

      2.     That its error was bona fide (that is, a genuine mistake); and

      3.     That the violation resulted despite the maintenance of procedures designed to avoid the specific error which occurred; and

To show that a violation of the Act was "unintentional," ERC must show by a preponderance of the evidence that it lacked the specific intent to violate the Act. Under this prong, ERC need only show that a violation of the Act was unintentional.

In order to prove that a violation of the Act was the result of a bona fide error, ERC must show by a preponderance of the evidence that the error was an objectively reasonable clerical or factual mistake.

In order to show that ERC "maintained procedures reasonably adapted to avoid any violation of the Act", ERC must show by a preponderance of the evidence that:

      (1)      Prior to the violation of the Act, it had employed or implemented procedures to avoid violations of the Act; and

      (2)      The procedures implemented were reasonably adapted to avoid the specific violation at issue.

The Act does not require that ERC take every conceivable precaution to avoid violating the Act's provisions, and ERC is only required to show that the precautions taken were reasonable. However, procedures implemented after the violation at issue to prevent the error from occurring again do not qualify. Additionally, if a procedure is required by the Act, it does not qualify as a defense.

Accordingly, if you find that ERC has proven all three elements by a preponderance of the evidence, you must find in favor of ERC on that claim.

If you find that ERC has not proved any one of the elements by a preponderance of the evidence on a claim that you find Plaintiff has proved, you must return a verdict for plaintiff on that claim.

**<u>Authority for Instruction</u>**

15 U.S.C. § 1692k(c); *Hernandez v. Asset Acceptance, LLC*, 11-cv-01729-PAB-MEH Closing Jury Instructions No. 16; *Johnson v. Riddle*, 305 F.3d 1107, 1121 (10th

Cir. 2002); *Jenkins v. Heintz*, 124 F.3d 824 (7th Cir. 1997) cert. denied 523 U.S. 1022 (1998); *Kort v. Diversified Collection Serv., Inc*., 394 F.3d 530 (7th Cir. 2005); *Pipelines v. Credit Bureau of Lockport, Inc*., 886 F.2d 22 (2nd Cir. 1989).

## Jury Instruction No. 19

### (Agreed)

The Fair Debt Collection Practices Act specifically permits damages to be awarded against a debt collector who violates the FDCPA in any manner. For you to award damages to Ms. Kayyal in this case, it is not necessary to find that the ERC violated every provision of the FDCPA which I have discussed with you today. All that is necessary for you to award damages is a finding that ERC violated any provision of the Act.

First, actual damages may be awarded to Ms. Kayyal as a result of the failure of ERC to comply with the FDCPA. Actual damages not only include any out-of-pocket expenses but also damages for annoyance, aggravation, frustration, invasion of privacy, personal humiliation, embarrassment, mental anguish, and emotional distress. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 780 (9th Cir. 1982) (emotional distress damages are compensable under the FDCPA); *Dowling v. Litton Loan Servicing, LP,* 2006 U.S. Dist. LEXIS 87098, at *33-34 (S.D. Ohio 2006) (finding actual damages recoverable under the FDCPA include emotional distress, humiliation, and embarrassment); *Esget v. TCM Fin. Servs. LLC,* 2014 U.S. Dist. LEXIS 8583, at *19 (E.D. Cal. 2014) ("While the FDCPA does not define 'actual damages,' it is commonly accepted that damages stemming from emotional distress are compensable under the FDCPA."); *Teng v. Metropolitan Retail Recovery,* 851 F.Supp. 61, 69 (E.D. N.Y. 1994) (finding that "emotional distress is compensable as actual damages in a FDCPA case"); *Jordan v. John Soliday Fin. Group, LLC,* 2010 U.S. Dist. LEXIS 111715, at *6 (N.D. Ohio 2010) (FDCPA permits recovery of actual damages for emotional distress); *Howze v. Romano,* 1994 U.S. Dist. LEXIS 20547, at *9 (D. Del. 1994) (emotional distress is compensable as actual damages in a FDCPA case).

Second, there is no fixed standard or measure in the case of intangible items such as annoyance, aggravation, frustration, invasion of privacy, personal humiliation, embarrassment, mental anguish, and emotional distress. You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

## **Jury Instruction No. 20**

### **(Agreed)**

If you find that ERC violated any provision of the Fair Debt Collection Practices Act, then Ms. Kayyal may recover any actual damages that were caused by ERC's violation of the Fair Debt Collection Practices Act. 15 U.S.C. §1692k(a)(1).

## **Jury Instruction No. 21**

### **(Agreed)**

If you find that ERC violated any provision of the Fair Debt Collection Practices Act, then Ms. Kayyal may recover additional damages, which are often referred to as "statutory damages." Statutory damages are like a fine. You may award Ms. Kayyal statutory damages of up to $1,000. In determining the amount of statutory damages, if any, to award, you are to consider the following factors:

      a) the frequency and persistence of noncompliance by ERC;

      b) the nature of the noncompliance; and

      c) the extent to which the noncompliance was intentional.

15 U.S.C. §1692k(b)(1)

## Jury Instruction No. 22

## (Agreed)

You will now return to decide the case. In order to prevail, Ms. Kayyal must sustain her burden of proof as I have explained to you with respect to each element of her claims. If you find that Ms. Kayyal succeeded in sustaining the burden on all the elements of her claims, you should return a verdict for Ms. Kayyal and against ERC.

On the other hand, if after considering all of the evidence you conclude Plaintiff has failed to carry her burden of proof on a single essential point as to which she has the burden of proof, then you must find for ERC.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Jury Instruction No. 23**

**(Agreed)**

This case is important for Ms. Kayyal and for ERC. All parties, as well as the court, have expended a great deal of time, effort, and resources in seeking a resolution of this dispute. It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.

**<u>Jury Instruction No. 24</u>**

**<u>(Agreed)</u>**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

## **Jury Instruction No. 25**

### **(Agreed)**

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court— should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**<u>Jury Instruction No. 26</u>**

**<u>(Agreed)</u>**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SAMAR KAYYAL<br><br>      Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC<br>a/k/a ERC and ENHANCED RESOURCE<br>CENTER<br><br>      Defendant. | CASE NO.  1:17-cv-02718<br><br>District Judge Hon. John J. Tharp, Jr.<br><br>Magistrate Judge Hon. Sidney I. Schenkier |

### VERDICT FORM

We, the jury, render our verdict in this action in response to the following questions:

### PLAINTIFF'S CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692D

**Question 1:**    Did Ms. Kayyal prove, by a preponderance of the evidence, that ERC engaged in any conduct the natural consequence of which is to harass, oppress, or abuse a person?

**___ YES                 ___ NO**

**If your answer is "NO," proceed to Question 5.**

**If your answer is "YES," proceed to Question 2.**

**ERC'S BONA FIDE ERROR DEFENSE AS TO PLAINTIFF'S CLAIM UNDER THE**

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692d**

**Question 2:**  If you found a violation of 15 U.S.C. §1692d, did ERC prove, by a preponderance of the evidence, that its violation was unintentional?

**___ YES     ___ NO**

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692d claim. Proceed to the Question 5.**

**If your answer is "YES," proceed to Question 3.**

**Question 3:** If you found a violation of 15 U.S.C. §1692d , did ERC prove, by a preponderance of the evidence, that its violation 15 U.S.C. §1692d was the result of a bona fide error?

**___ YES     ___ NO**

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692d claim. Proceed to Question 5.**

**If your answer is "YES," proceed to Question 4.**

**Question 4:** If you found a violation of 15 U.S.C. §1692d, did ERC prove, by a preponderance of the evidence, that it maintained procedures reasonably adapted to avoid such error?

**___ YES     ___ NO**

2

If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692d claim. Proceed to Question 5.


If your answer is "YES" to questions 2, 3, and 4,  you have found a verdict in favor of ERC on Plaintiff's 15 U.S.C. §1692d claim.  Proceed to Question 5.

## PLAINTIFF'S CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(5)

**Question 5:**    Did Ms. Kayyal prove, by a preponderance of the evidence, that ERC caused her telephone to ring or engage her in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass?

**___ YES            ___ NO**

**If your answer is "NO," proceed to Question 9.**
**If your answer is "YES," proceed to Question 6.**

4

**ERC'S BONA FIDE ERROR DEFENSE AS TO PLAINTIFF'S CLAIM**
**UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692d(5)**

**Question 6:** If you found a violation of 15 U.S.C. §1692d(5), did ERC prove, by a preponderance of the evidence, that its violation was unintentional?

**___ YES      ___ NO**

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692d(5) claim. Proceed to the Question 9.**

**If your answer is "YES," proceed to Question 7.**

**Question 7:** If you found a violation of 15 U.S.C. §1692d(5) , did ERC prove, by a preponderance of the evidence, that its violation was the result of a bona fide error?

**___ YES      ___ NO**

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692d(5) claim. Proceed to Question 9.**

**If your answer is "YES," proceed to Question 8.**

**Question 8:** If you found a violation of 15 U.S.C. §1692d(5), did ERC prove, by a preponderance of the evidence, that it maintained procedures reasonably adapted to avoid such error?

**___ YES      ___ NO**

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692d(5) claim. Proceed to Question 9.**

5

**If your answer is "YES" to questions 6, 7, and 8, you have found a verdict in favor of ERC on Ms. Kayyal's 15 U.S.C. §1692d(5) claim. Proceed to Question 9.**

**PLAINTIFF'S CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2)**

**Question 9:**     Did Ms. Kayyal prove, by a preponderance of the evidence, that ERC's phone calls would mislead an unsophisticated consumer into believing that he/she owed a debt that ERC was attempting to collect?

**___ YES               ___ NO**


**If your answer is "NO" to Questions 1, 5, and 9, you have found a verdict in favor of ERC. Do not answer any further questions and proceed to sign the appropriate portion of the Certification form.**


**If your answer is "YES" to Question 9 proceed to answer Question 10.**

## ERC'S BONA FIDE ERROR DEFENSE AS TO PLAINTIFF'S UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692e(2) CLAIM

**Question 10:** If you found a violation of 15 U.S.C. §1692e(2), did ERC prove, by a preponderance of the evidence, that its violation was unintentional?

___ YES      ___ NO

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692e(2) claim and proceed to the Question 13.**

**If your answer is "YES," proceed to Question 11**

**Question 11:** If you found a violation of 15 U.S.C. §1692e(2) , did ERC prove, by a preponderance of the evidence, that its violation was the result of a bona fide error?

___ YES      ___ NO

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692e(2) claim. Proceed to the Question 13.**

**If your answer is "YES," proceed to Question 12.**

**Question 12:**

If you found a violation of 15 U.S.C. §1692e(2), did ERC prove, by a preponderance of the evidence, that it maintained procedures reasonably adapted to avoid such error

**If your answer is "NO," you have found a verdict in favor of Ms. Kayyal on her 15 U.S.C. §1692e(2) claim and proceed to the Question 13.**

8

**If your answer is "NO" and you have found that ERC is not entitled to the bona fide error defense on any of Ms. Kayyal's claims (answered "NO" to any question from Questions 2 through 4, 6 through 8 or 10 through 12), proceed to Question 13.**

**If your answer is "YES" and you have found that ERC is entitled to the bona fide error defense on all of Ms. Kayyal's claims (answered "YES" to all questions from Questions 2 through 4, 6 through 8 or 10 through 12), you have found a verdict in favor of ERC. Do not answer any further questions and proceed to sign the appropriate portion of the Certification form.**

## DAMAGES

**Answer Question 13 only if you answered "YES" to Questions l, 5 and/or 9 and found that ERC is <u>not</u> entitled to the bona fide error defense on <u>any</u> of Ms. Kayyal's claims (answered "NO" to <u>any</u> question from Questions 2 through 4, 6 through 8 or 10 through 12).**

**<u>Question 13:</u>** What amount, between $0 and $1,000.00, does the jury award as statutory damages (a fine) to Ms. Kayyal?

$ _____

**Answer Question 14 only if you answered "YES" to Questions l, 5 and/or 9 and found that ERC is <u>not</u> entitled to the bona fide error defense on <u>any</u> of Ms. Kayyal's claims (answered "NO" to <u>any</u> question from Questions 2 through 4, 6 through 8 or 10 through 12).**

**<u>Question 14:</u>** What amount does the jury award as actual damages to Ms. Kayyal?

$ _____

**Proceed to sign the appropriate portion of the Certification form.**

**CERTIFICATION**

     We, the jury, certify by our signatures that we have found a verdict in favor of the Plaintiff, Samar Kayyal on the claim(s) herein, and that the verdict reflects the unanimous decision of the jury.

_____

_____

_____

_____

_____

_____

     Dated: _____ 2020

_____

     We, the jury, certify by our signatures that we have found a verdict in favor of the Defendant Enhanced Recovery Company, LLC on the claim(s) herein, and that the verdict reflects the unanimous decision of the jury.

_____

_____

_____

_____

_____

_____

     Dated: _____ 2020